**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THOMAS J. REESE, | ) CASE NO:   4:06-cv-1677 |
| ) | |
| Petitioner, | ) JUDGE DONALD C. NUGENT |
| ) | |
| v. | ) MAGISTRATE JUDGE |
| ) NANCY A. VECCHIARELLI | |
| BENNIE KELLY, Warden, | ) |
| ) | **REPORT & RECOMMENDATION** |
| Defendant | ) |

Petitioner, Thomas J. Reese, ("Reese"), challenges the constitutionality of his conviction in the case of *State v. Reese*, Case No. 01-CR-554. Reese, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 12, 2006 in the United States District Court for the Northern District of Ohio. (Doc. No. 1.)  Respondent filed a Return of Writ on November 21, 2006. (Doc. No. 11.)  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For the reasons set forth below, the Magistrate Judge recommends that the habeas petition (Doc. No. 1) be DENIED.

**I. Procedural History**

**A. Conviction**

In the September 2003 term, the Trumbull County Grand Jury returned an indictment charging Reese with two counts of felonious assault, two counts of attempted murder, one count of criminal damaging, and one count of aggravated menacing.

The trial court appointed an attorney to represent Reese prior to his arraignment. After Reese waived his right to be represented by counsel and his right to a jury trial, a bench trial was

conducted and Reese was convicted on all counts. On May 21, 2002, the trial court sentenced Reese to an aggregate term of twenty-five (25) years imprisonment.

**B. Direct Appeal**

**1. Reese's Direct Appeal to the Ohio Court of Appeals**

Reese, represented by counsel, timely appealed his conviction to the Eleventh District Court of Appeals for Trumbull County, Ohio ("state appellate court"), raising the following assignment of error:

> The trial court did not strictly comply with Ohio Revised Code Section 2945.05 in accepting Appellant's jury trial waiver, therefore the trial court lacked the jurisdiction to conduct a bench trial.

The state appellate court found this assignment of error to be well-taken, and on December 31, 2003, issued an opinion vacating the judgment of the trial court and remanding the case for a new trial. (Doc. No. 12-2, Ex. 1.) The following is a portion of that opinion setting forth the court's reasoning and conclusion:

> R.C. 2945.05 provides the statutory prerequisites that must be satisfied to execute a valid jury trial waiver, to wit:
>
> "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *
>
> "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
>
> . . . .
>
> The Ohio Supreme Court has consistently held that the requirements of R.C. 2945.05 are mandatory and, absent strict compliance, a court lacks jurisdiction to try a defendant without a jury. In doing so, the Court has examined the language of R.C. 2945.05 and determined that "the requirements of R.C. 2945.05 are clear

and unambiguous, and we are constrained to enforce the statute as written." The Court has further explained, "[i]f we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a 'substantial compliance' interpretation."

The Court's analysis demonstrates the importance placed upon the trial court's strict adherence to the requirements of R.C. 2945.05. The necessity of strict compliance with these statutory prerequisites is based upon the right to a jury trial being a fundamental constitutional right.

After reviewing the relevant language of R.C. 2945.05, it is evident that the trial court was not in strict compliance. R.C. 2945.05 expressly states that a defendant must be given an "opportunity to consult with counsel" prior to his or her waiver of a jury trial. This clear and unambiguous language fails to carve out any exception for a defendant that is representing himself. To the contrary, this language requires that the trial court give all defendants, regardless of their pro se status, the opportunity to consult with counsel. Moreover, the intent of the statute is to protect a defendant from a waiver that is not knowing, intelligent and voluntary. We will not create an exception contradicting the clear language and intent of R.C. 2945.05. Nor will we accept less than strict compliance from the trial court.

Courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right. As a result, a valid waiver must affirmatively appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver.

A careful examination of the record before us fails to demonstrate that appellant was given an opportunity to consult with counsel prior to his jury trial waiver. Although Mr. Consoldane was appointed as stand-by counsel, the record does not affirmatively demonstrate whether he was present during the March 19, 2002 pre-trial hearing. Moreover, during that hearing, the trial court addressed appellant regarding the possible risks of waiving his right to a jury trial. It failed, however, to inquire if he had opportunity to consult with counsel prior to making his decision.

Because the record has failed to give any indication that appellant's standby counsel was present or that appellant was given the opportunity to consult with an attorney immediately prior to his waiver of jury trial, the state has not met its burden. Thus, we hold that the trial court was not in strict compliance with R.C. 2945.05.

(Doc. No. 12-2, Ex. 1 at 4-5) ; *State v. Reese*, No. 2002-T-0068, 2003 WL 23097097, at *2-4

(Ohio App.11th Dist. Dec. 31, 2003) (citations omitted).

### 2. The State of Ohio's Direct Appeal to the Supreme Court of Ohio

The State of Ohio timely appealed the state appellate court's decision to the Supreme Court of Ohio. The State presented two propositions of law:

> Proposition of Law No. 1: Strict compliance with R.C. 2945.05 does not require the extraordinary action by a trial court to impose unwanted counsel upon a pro se defendant who has already made a voluntary and intelligent waiver of his right to counsel and wishes likewise to waive his right to trial by jury.
>
> Proposition of Law No. 2: The record in this case does not support the appellate court's holding that the trial court failed to strictly comply with R.C. 2945.05.

On August 10, 2005, the Ohio Supreme Court reversed the judgment of the state appellate court and reinstated Reese's conviction and sentence. The relevant portion of the opinion setting forth the court's analysis and conclusion is set forth below:

> We have examined R.C. 2945.05 on numerous occasions and determined that the statute is clear and unambiguous and requires strict compliance. "In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury."
>
> The appellate court began its analysis by noting that the statute "fails to carve out any exception for a defendant [who] is representing himself. To the contrary, this language requires that the trial court give all defendants, regardless of their pro se status, the opportunity to consult with counsel." We agree that the statute obviously makes no distinction between pro se defendants and those represented by counsel. We also agree that, accordingly, the language of the statute requires that all defendants have the opportunity to consult with counsel. We differ with the appellate court, however, in the next step of its analysis.
>
> The appellate court went on to find that the trial court was not in strict compliance with R.C. 2945.05 because Reese was not "given the opportunity to consult with an attorney *immediately* prior to his waiver of jury trial." (Emphasis added.) The appellate court improperly created the requirement that the "opportunity to consult with counsel" occur immediately before the waiver. The statute contains no such temporal restriction. Indeed, the reference to timing in the statute requires only that the waiver be made *after* arraignment and *after* the opportunity to consult

4

with counsel. That opportunity could therefore theoretically arise at any time before the waiver.

It follows that the appellate court's statement that "[a] careful examination of the record before us fails to demonstrate that appellant was given an opportunity to consult with counsel prior to his jury trial waiver" is incorrect. The appellate court held that the statute had been violated because the record did not affirmatively demonstrate whether Consoldane was present or had the opportunity to consult with Reese immediately before Reese's waiver on March 19, 2002. But the proper query is whether Reese had the opportunity to consult with Consoldane at any time after his arraignment. The record does supply us with that information.

The record reflects that Consoldane represented Reese for nearly five months between his September 25, 2001 arraignment and the February 12, 2002 pretrial hearing when Reese orally waived his right to appointed counsel. During that period, Consoldane appeared at seven pretrial hearings with Reese. The record also reflects that Consoldane visited Reese in jail on at least two occasions: before the October 2, 2001 pretrial hearing and before the January 15, 2002 pretrial hearing. Finally, Consoldane was appointed by the trial court to be available to Reese throughout the proceedings as standby counsel and appeared with Reese during at least one additional pretrial hearing before Reese's waiver of a jury trial was accepted by the trial court. At that February 26, 2002 hearing, in Reese's presence, Consoldane stated on the record that he did not think Reese should waive his right to a jury trial. Given all of the foregoing facts, we find that Reese was given an opportunity to consult with counsel in accordance with R.C. 2945.05.

(Doc. No. 12-3, Ex. 2 at 4-5); *State v. Reese*, 831 N.E.2d 983, 985-86 (Ohio 2005) (citations omitted).

### C. Federal Habeas Petition

On July 12, 2006, Reese, *pro se*, filed a Petition for Writ of Habeas Corpus in this Court, asserting the following four grounds for relief:

GROUND ONE: The trial court did not strictly comply with O.R.C. § 2945.05 in accepting Petitioner's jury trial waiver and therefor lacked jurisdiction to conduct a bench trial.

GROUND TWO: The Eleventh District Court of Appeals for Trumbull County, Ohio correctly interpreted and applied O.R.C. § 2945.05 in compliance with the

5

U.S. and Ohio Constitution.

GROUND THREE: The attorney consultation provision of O.R.C. § 2945.05 is a permissible exception to Petitioner's right to self-representation.

GROUND FOUR: Petitioner did not have a reasonable opportunity to consult with an attorney BEFORE waiving his right to a jury trial.

## II. Summary of Facts

Factual determinations by state courts are entitled to a presumption of correctness. *House v. Bell*, 283 F.3d 37 (6th Cir. 2002). The state appellate court set forth the following facts underlying Reese's conviction:

> The record discloses the following facts. Prior to appellant's arraignment, Anthony Consoldane ("Mr.Consoldane"), of the Ohio Public Defender's Office, was appointed by the trial court to represent appellant. On September 19, 2001, a Trumbull County Grand Jury indicted appellant on two counts of attempted murder, two counts of felonious assault, one count of aggravated menacing, and one count of criminal damaging.
>
> Following appellant's indictment, the parties proceeded to meet at fifteen separate pre-trial hearings. On February 12, 2002, during the seventh pre-trial hearing, appellant specifically waived his right to be represented by counsel and requested that he be allowed to represent himself for the remainder of the proceedings. The trial court explained to appellant that he had a constitutional right to appointed representation, and his waiver of this right would in no way affect his obligation to follow the rules and procedures of the court. Appellant stated that he understood the risks associated with proceeding as a pro se defendant and reiterated that he wished to represent himself. The trial court reluctantly granted appellant's request and removed Mr. Consoldane as appointed counsel. However, the trial court expressly ordered that Mr. Consoldane continue to assist appellant as stand-by counsel.
>
> On February 26, 2002, the parties again met for a pre-trial hearing. At this time, appellant, acting pro se, stated that he wanted to waive his right to a jury trial and asked that he be tried before a three-judge panel. The trial court explained to appellant that a three-judge panel was not appropriate because he had not committed a capital offense and clarified that he would be tried before only one judge. Appellant then withdrew his jury trial waiver.

6

> On March 5, 2002, during another pre-trial hearing, appellant signed and submitted a written waiver of counsel. At the conclusion of this pre-trial hearing, appellant restated that he wished to waive his right to a jury trial and proceed before a three-judge panel. The trial court again made clear that such waiver would result in a trial before a single judge rather than a three-judge panel. Appellant again withdrew his jury waiver.
>
> During a March 19, 2002 pre-trial hearing, appellant once more explained that he wanted to waive his right to a jury trial. The trial court explained to appellant the possible disadvantages of a bench trial and restated that the trial would be before only a single judge. Appellant acknowledged that he understood the surrounding circumstances and still wanted to waive his right to a jury trial. Appellant then signed a written jury trial waiver form.
>
> On April 29, 2002, a bench trial was held wherein appellant was found guilty of all six counts of the indictment. Subsequently, the trial court sentenced appellant to an aggregate term of twenty-five years on all counts.

(Doc. No. 12-2, Ex. 1 at 3.)

### III. Standard of Review

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Paige filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law can be determined only by examining the holdings of the United States Supreme Court, as opposed to dicta. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). Nevertheless, an explicit statement by the Supreme Court is not required; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (quoting *Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)). As the plain language of the statute indicates, the inquiry is limited to decisions by the Supreme Court. *Williams*, 529 U.S. at 412. However, a habeas court "[m]ay look to lower courts of appeals' decisions, not as binding precedent, but rather to inform the analysis of Supreme Court holdings to determine whether a legal principle had been clearly established by the Supreme Court." *Foley v. Parker*, No. 04-5746, 2007 WL 845864, at *2 (6th Cir. March 22, 2007) (citing *Hill v. Hofbauer*, 337 F.3d 706, 716 (6th Cir. 2003)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* An incorrect state court decision may not be unreasonable under this standard. *Id.* at 410-11. For this reason, a federal habeas court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment

8

that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, No. 03-2113, 2006 WL 68438, at *4 (6th Cir. Jan.10, 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998) ("[AEDPA] tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called unreasonable.")) The "unreasonable" requirement is a high bar. *Ruimveld*, 404 F.3d at 1010.

## IV. Analysis

The first issue raised by Reese's Petition is whether Reese's claims are cognizable on federal habeas review. A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."[1] *Pulley v. Harris*, 465 U.S. 37, 41 (1984). However, if the error is so egregious as to amount to a denial of due process, the federal court may grant the habeas petition. *See id.*

Reese's claims, although predicated on state law, directly implicate the constitutional issue of whether Reese's trial, in the absence of a jury, violated his right to a jury trial as guaranteed by the Fourteenth Amendment due process clause. *Lott v. Coyle*, 261 F.3d 594, 606 n.6 (6th Cir. 2001). "While a claim based solely on an error of state law is not remediable on a

---

[1] A perceived error of state law is characterized by the petitioner's reliance on state statutory or case law to assert his claim. *See Estelle v. McGuire*, 502 U.S. at 68.

9

petition for habeas corpus relief, where 'a state court's error in interpreting or applying its own law has rendered the trial that convicted the appellant so fundamentally unfair as to have deprived appellant of substantive due process in violation of the U.S. Constitution,'" federal courts may properly provide habeas relief. *Id.* (citing *Norris v. Schotten,* 146 F.3d 314, 329 (6th Cir. 1998)). Thus, the Court must determine whether the state-law errors alleged by Reese so deprived him of due process as to provide a basis for federal habeas relief. This determination necessarily requires some consideration of the merits of Reese's claims. *Id*. (citing *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993) (conducting a threshold review of the merits of petitioner's state-law claim to determine whether his trial was fundamentally unfair)).

The essence of all of Reese's claims is that the trial court did not strictly comply with Ohio Rev. Code §2945.05 when it accepted Reese's waiver of his right to a jury trial. Moreover, as discussed below, all four claims ultimately present this court with only one issue reviewable in a federal habeas case. Therefore, this Court addresses Reese's claims together.

Ohio Rev. Code §2945.05 provides that a criminal defendant may waive the right to trial by jury and sets forth several prerequisites to a valid waiver of the right to trial by jury. It provides, in relevant part, as follows:

> "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.
>
> . . .
>
> "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

§2945.05.  Thus, the waiver must be in a writing, signed by the defendant, and made part of the record.  In addition, the waiver must be made in open court after the defendant has been arraigned and *after the defendant has had an opportunity to consult with counsel*.  Here, Reese claims that the waiver was invalid because Reese did not actually consult with counsel immediately before he executed the waiver.

The Supreme Court of Ohio overruled the state appellate court and held that §2945.05 does not require that a defendant be given the opportunity to consult with counsel *immediately* before executing a waiver.  It further held that while a trial court must strictly comply with §2945.05, the only temporal requirement the statute imposes with respect to the opportunity to consult with counsel is that the defendant must have the opportunity to consult with counsel *after arraignment*.  The court then held that Reese was afforded the opportunity to consult with counsel after arraignment and before he executed the waiver.

This Court will not review the Supreme Court of Ohio's interpretation of an Ohio statute unless that interpretation resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.  The Sixth Amendment right to a jury trial is a fundamental right guaranteed to criminal defendants in state courts through the Fourteenth Amendment due process clause.  *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968).  Further, it is well-established that a criminal defendant may waive fundamental trial rights provided that the waiver is knowing, intelligent, and voluntary.  *Schriro v. Landrigan*, 127 S. Ct. 1933 (2007).  A waiver that is not knowing, intelligent, and voluntary is invalid.  The ultimate issue before this Court, then, is whether Reese's waiver of his right to a jury trial was knowing, intelligent, and voluntary.  This Court finds that it was.

11

Petitioner bears the burden of demonstrating that the waiver was invalid. *Sowell v. Bradshaw*, 372 F.3d 821, 832 (6th Cir. 2004). Reese argues that his waiver was not knowing and intelligent because, although he had the opportunity to consult with counsel, he did not *actually* consult with counsel immediately before he executed the waiver. Federal law, as stated by the United States Supreme Court, does not require that a defendant who has validly waived the right to counsel actually consult with counsel immediately before waiving the right to a jury trial. All that the Constitution requires is that Reese's waiver was knowing, intelligent, and voluntary. Here, those requirements were satisfied.

"Although recommended, there is no federal constitutional requirement that a court conduct an on-the-record colloquy with the defendant prior to accepting the jury waiver." *Spytma v. Howes*, 313 F.3e 363, 370 (6th Cir. 2002). Moreover, a defendant need not possess "technical knowledge of the jury trial right." *Id.* All that is required for a waiver to be knowing and intelligent is that the defendant understand "that the choice confronting him [is], on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." *Sowell*, 372 F.3d at 836 (quoting *United States v. Sammons*, 918 F.2d 592, 597 (6th Cir. 1990) (internal quotation omitted)).

This Court has no reason to doubt that the above standard was satisfied in that Reese understood the choice that was confronting him at the time he waived the right to a jury trial. In fact, Reese does not claim that he did not understand that choice. The state appellate court's opinion states that the trial judge explained to Reese, at three separate hearings, that Reese's case would be heard by a judge if Reese waived a jury trial. At a pretrial hearing on February 26, 2002, when Reese first informed the trial court that he wanted to waive a jury trial and have his

12

case heard by a three-judge panel, Reese's former counsel, who was then serving as stand-by counsel, stated on the record that he did not think Reese should waive a jury trial.  (Doc. No. 12-3, Ex. 2 at 5.)  At that time, the trial court informed Reese that if he waived a jury, his case would not be heard by a three-judge panel, but rather by a single judge.  Reese then withdrew his attempted waiver.

At another pretrial hearing, on March 5, 2002, Reese again indicated that he wanted to waive a jury and proceed before a three-judge panel.  "The trial court again made clear that such waiver would result in a trial before a single judge rather than a three-judge panel."  (Doc. No. 12-2, Ex. 1 at 3.)  Reese again withdrew his attempted waiver.

Finally, at a pretrial hearing on March 19, 2002, Reese again stated that he wanted to waive a jury trial.  As set forth in the state appellate court's opinion, "[t]he trial court explained to [Reese] the possible disadvantages of a bench trial and restated that the trial would be before only a single judge.  [Reese] acknowledged that he understood the surrounding circumstances and still wanted to waive his right to a jury trial."  (*Id*.)  Reese then signed the written jury waiver form.

In light of this record, as well as the fact that Reese does not claim that he failed to actually understand the choice that was confronting him when he executed the waiver, this Court finds that Reese's waiver was knowing, intelligent, and voluntary.  As such, the waiver was valid.  Reese's argument that the waiver was not knowing and intelligent because Reese failed to actually consult with counsel immediately before he executed the waiver is meritless.  The decision of the Supreme Court of Ohio upholding Reese's conviction was not contrary to, and did not involve an unreasonable application of federal law, and was not based on an unreasonable

13

determination of the facts in light of the evidence presented in the state court proceeding.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends the Petition be DENIED.

/s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
United States Magistrate Judge

Date: July 10, 2007

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**