IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. REESE, ) | CASE NO. 4:06 CV 1677 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| BENNIE KELLY, WARDEN, ) | Magistrate Judge Nancy A. Vecchiarelli |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. The Report and Recommendation (Document #17) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DENIED.

As set forth by the Magistrate Judge, the procedural history of this case is as follows:

### I. Procedural History

**A. Conviction**

In the September 2003 term, the Trumbull County Grand Jury returned an indictment charging Reese with two counts of felonious assault, two counts of attempted murder, one count of criminal damaging, and one count of aggravated menacing.

The trial court appointed an attorney to represent Reese prior to his arraignment. After Reese waived his right to be represented by counsel and his right to a jury trial, a bench trial was conducted and Reese was convicted on all

counts. On May 21, 2002, the trial court sentenced Reese to an aggregate term of twenty-five (25) years imprisonment.

## B. Direct Appeal

### 1. Reese's Direct Appeal to the Ohio Court of Appeals

Reese, represented by counsel, timely appealed his conviction to the Eleventh District Court of Appeals for Trumbull County, Ohio ("state appellate court"), raising the following assignment of error:

> The trial court did not strictly comply with Ohio Revised Code Section 2945.05 in accepting Appellant's jury trial waiver, therefore the trial court lacked the jurisdiction to conduct a bench trial.

The state appellate court found this assignment of error to be well-taken, and on December 31, 2003, issued an opinion vacating the judgment of the trial court and remanding the case for a new trial. (Doc. No. 12-2, Ex. 1.) The following is a portion of that opinion setting forth the court's reasoning and conclusion:

> R.C. 2945.05 provides the statutory prerequisites that must be satisfied to execute a valid jury trial waiver, to wit:
>
> "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *
>
> "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
>
> . . . .
>
> The Ohio Supreme Court has consistently held that the requirements of R.C. 2945.05 are mandatory and, absent strict compliance, a court lacks jurisdiction to try a defendant without a jury. In doing so, the Court has examined the language of R.C. 2945.05 and determined that "the requirements of R.C. 2945.05 are clear and unambiguous, and we are constrained to enforce the statute as written." The Court has further explained, "[i]f we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a 'substantial compliance' interpretation."

The Court's analysis demonstrates the importance placed upon the trial court's strict adherence to the requirements of R.C. 2945.05. The necessity of strict compliance with these statutory prerequisites is based upon the right to a jury trial being a fundamental constitutional right.

After reviewing the relevant language of R.C. 2945.05, it is evident that the trial court was not in strict compliance. R.C. 2945.05 expressly states that a defendant must be given an "opportunity to consult with counsel" prior to his or her waiver of a jury trial. This clear and unambiguous language fails to carve out any exception for a defendant that is representing himself. To the contrary, this language requires that the trial court give all defendants, regardless of their pro se status, the opportunity to consult with counsel. Moreover, the intent of the statute is to protect a defendant from a waiver that is not knowing, intelligent and voluntary. We will not create an exception contradicting the clear language and intent of R.C. 2945.05. Nor will we accept less than strict compliance from the trial court.

Courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right. As a result, a valid waiver must affirmatively appear in the record, and the state bears the burden of overcoming the presumption against a valid waiver.

A careful examination of the record before us fails to demonstrate that appellant was given an opportunity to consult with counsel prior to his jury trial waiver. Although Mr. Consoldane was appointed as stand-by counsel, the record does not affirmatively demonstrate whether he was present during the March 19, 2002 pre-trial hearing. Moreover, during that hearing, the trial court addressed appellant regarding the possible risks of waiving his right to a jury trial. It failed, however, to inquire if he had opportunity to consult with counsel prior to making his decision.

Because the record has failed to give any indication that appellant's standby counsel was present or that appellant was given the opportunity to consult with an attorney immediately prior to his waiver of jury trial, the state has not met its burden. Thus, we hold that the trial court was not in strict compliance with R.C. 2945.05.

(Doc. No. 12-2, Ex. 1 at 4-5) ; *State v. Reese*, No. 2002-T-0068, 2003 WL 23097097, at *2-4 (Ohio App.11th Dist. Dec. 31, 2003) (citations omitted).

**2. The State of Ohio's Direct Appeal to the Supreme Court of Ohio**

The State of Ohio timely appealed the state appellate court's decision to

the Supreme Court of Ohio. The State presented two propositions of law:

> Proposition of Law No. 1: Strict compliance with R.C. 2945.05 does not require the extraordinary action by a trial court to impose unwanted counsel upon a pro se defendant who has already made a voluntary and intelligent waiver of his right to counsel and wishes likewise to waive his right to trial by jury.
>
> Proposition of Law No. 2: The record in this case does not support the appellate court's holding that the trial court failed to strictly comply with R.C. 2945.05.

On August 10, 2005, the Ohio Supreme Court reversed the judgment of the state appellate court and reinstated Reese's conviction and sentence. The relevant portion of the opinion setting forth the court's analysis and conclusion is set forth below:

> We have examined R.C. 2945.05 on numerous occasions and determined that the statute is clear and unambiguous and requires strict compliance. "In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury."
>
> The appellate court began its analysis by noting that the statute "fails to carve out any exception for a defendant [who] is representing himself. To the contrary, this language requires that the trial court give all defendants, regardless of their pro se status, the opportunity to consult with counsel." We agree that the statute obviously makes no distinction between pro se defendants and those represented by counsel. We also agree that, accordingly, the language of the statute requires that all defendants have the opportunity to consult with counsel. We differ with the appellate court, however, in the next step of its analysis.
>
> The appellate court went on to find that the trial court was not in strict compliance with R.C. 2945.05 because Reese was not "given the opportunity to consult with an attorney *immediately* prior to his waiver of jury trial." (Emphasis added.) The appellate court improperly created the requirement that the "opportunity to consult with counsel" occur immediately before the waiver. The statute contains no such temporal restriction. Indeed, the reference to timing in the statute requires only that the waiver be made *after* arraignment and *after* the opportunity to consult with counsel. That opportunity could therefore theoretically arise at any time before the waiver.
>
> It follows that the appellate court's statement that "[a] careful examination

-4-

> of the record before us fails to demonstrate that appellant was given an opportunity to consult with counsel prior to his jury trial waiver" is incorrect. The appellate court held that the statute had been violated because the record did not affirmatively demonstrate whether Consoldane was present or had the opportunity to consult with Reese immediately before Reese's waiver on March 19, 2002. But the proper query is whether Reese had the opportunity to consult with Consoldane at any time after his arraignment. The record does supply us with that information.
>
> The record reflects that Consoldane represented Reese for nearly five months between his September 25, 2001 arraignment and the February 12, 2002 pretrial hearing when Reese orally waived his right to appointed counsel. During that period, Consoldane appeared at seven pretrial hearings with Reese. The record also reflects that Consoldane visited Reese in jail on at least two occasions: before the October 2, 2001 pretrial hearing and before the January 15, 2002 pretrial hearing. Finally, Consoldane was appointed by the trial court to be available to Reese throughout the proceedings as standby counsel and appeared with Reese during at least one additional pretrial hearing before Reese's waiver of a jury trial was accepted by the trial court. At that February 26, 2002 hearing, in Reese's presence, Consoldane stated on the record that he did not think Reese should waive his right to a jury trial. Given all of the foregoing facts, we find that Reese was given an opportunity to consult with counsel in accordance with R.C. 2945.05.

(Doc. No. 12-3, Ex. 2 at 4-5); *State v. Reese*, 831 N.E.2d 983, 985-86 (Ohio 2005) (citations omitted).

### C. Federal Habeas Petition

On July 12, 2006, Reese, *pro se*, filed a Petition for Writ of Habeas Corpus in this Court, asserting the following four grounds for relief:

> GROUND ONE: The trial court did not strictly comply with O.R.C. § 2945.05 in accepting Petitioner's jury trial waiver and therefor lacked jurisdiction to conduct a bench trial.
>
> GROUND TWO: The Eleventh District Court of Appeals for Trumbull County, Ohio correctly interpreted and applied O.R.C. § 2945.05 in compliance with the U.S. and Ohio Constitution.
>
> GROUND THREE: The attorney consultation provision of O.R.C. § 2945.05 is a permissible exception to Petitioner's right to self-representation.

> GROUND FOUR: Petitioner did not have a reasonable opportunity to consult with an attorney BEFORE waiving his right to a jury trial.

## II. Summary of Facts

Factual determinations by state courts are entitled to a presumption of correctness. *House v. Bell*, 283 F.3d 37 (6th Cir. 2002). The state appellate court set forth the following facts underlying Reese's conviction:

> The record discloses the following facts. Prior to appellant's arraignment, Anthony Consoldane ("Mr.Consoldane"), of the Ohio Public Defender's Office, was appointed by the trial court to represent appellant. On September 19, 2001, a Trumbull County Grand Jury indicted appellant on two counts of attempted murder, two counts of felonious assault, one count of aggravated menacing, and one count of criminal damaging.
>
> Following appellant's indictment, the parties proceeded to meet at fifteen separate pre-trial hearings. On February 12, 2002, during the seventh pre-trial hearing, appellant specifically waived his right to be represented by counsel and requested that he be allowed to represent himself for the remainder of the proceedings. The trial court explained to appellant that he had a constitutional right to appointed representation, and his waiver of this right would in no way affect his obligation to follow the rules and procedures of the court. Appellant stated that he understood the risks associated with proceeding as a pro se defendant and reiterated that he wished to represent himself. The trial court reluctantly granted appellant's request and removed Mr. Consoldane as appointed counsel. However, the trial court expressly ordered that Mr. Consoldane continue to assist appellant as stand-by counsel.
>
> On February 26, 2002, the parties again met for a pre-trial hearing. At this time, appellant, acting pro se, stated that he wanted to waive his right to a jury trial and asked that he be tried before a three-judge panel. The trial court explained to appellant that a three-judge panel was not appropriate because he had not committed a capital offense and clarified that he would be tried before only one judge. Appellant then withdrew his jury trial waiver.
>
> On March 5, 2002, during another pre-trial hearing, appellant signed and submitted a written waiver of counsel. At the conclusion of this pre-trial hearing, appellant restated that he wished to waive his right to a jury trial and procced before a three-judge panel. The trial court again made clear that such waiver would result in a trial before a single judge rather than a three-judge panel. Appellant again withdrew his jury waiver.

> During a March 19, 2002 pre-trial hearing, appellant once more explained that he wanted to waive his right to a jury trial. The trial court explained to appellant the possible disadvantages of a bench trial and restated that the trial would be before only a single judge. Appellant acknowledged that he understood the surrounding circumstances and still wanted to waive his right to a jury trial. Appellant then signed a written jury trial waiver form.
>
> On April 29, 2002, a bench trial was held wherein appellant was found guilty of all six counts of the indictment. Subsequently, the trial court sentenced appellant to an aggregate term of twenty- five years on all counts.

(Doc. No. 12-2, Ex. 1 at 3.)

On July 11, 2007, Magistrate Judge Vecchiarelli issued a report and recommendation. The Magistrate Judge found that Petitioner's waiver of his right to a jury trial was made knowingly, intelligently and voluntarily. Accordingly, the Magistrate Judge recommended that the Petition be denied. On July 19, 2007, Petitioner requested that he be given until September 2, 2007, to file his objections to the Report and Recommendation. The Court granted Petitioner's request. However, Petitioner did not file any objections to the Report and Recommendation.

## STANDARD OF REVIEW FOR A MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

-7-

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo. See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

## CONCLUSION

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Vecchiarelli as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Vecchiarelli (Document #17) in its entirety; Petitioner's Petition for Habeas Corpus is DENIED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _September 13, 2007_